UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GASPAR-SAMANO,<br><br>        Movant-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent-Plaintiff. | Crim. Case No.: 10cr3510-1<br>Civil Case No: 16cv1539<br><br>**ORDER GRANTING**<br>**PLAINTIFF'S MOTION TO STAY** |

On June 17, 2016, Defendant Jesus Gaspar-Samano filed a § 2255 motion to vacate and correct his sentence. (ECF No. 243.) On July 17, 2016, the Government filed a motion to stay the proceedings pending the Ninth Circuit's decision on Defendant's application for leave to file a second or successive § 2255 motion. (ECF No. 248.)

Prior to the instant motion, Defendant filed a pro se § 2255 motion on September 12, 2011. (ECF No. 173.) He subsequently moved to voluntarily dismiss his petition on September 28, 2011. (ECF No. 181.) Pursuant to 28 U.S.C. § 2255(h), a second or successive motion filed by a defendant "must be certified . . . by a panel of the appropriate court of appeals to contain (1) newly discovered evidence . . . ; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Defendant argues that because he moved to voluntary dismiss his first § 2255 motion before it was adjudicated on the merits, his previous § 2255 motion does not "count," and therefore the instant motion is not a second or successive motion requiring certification. Although the Ninth Circuit has not addressed this issue, Defendant points to out-of-circuit case law for the proposition that a § 2255 motion must be adjudicated on the merits to "count." See, e.g., Thai v. United States, 391 F.3d 491, 496 (2d Cir. 2004) (holding that when a petitioner moves to withdraw a petition because of procedural defect or because the petitioner did not exhaust administrative remedies, the habeas petition should not "count" as a first petition); Vitrano v. United States, 643 F.3d 229, 233 (7th Cir. 1999) (noting that a court should examine the substance of a habeas petition to determine whether or not it "counts" as a first petition).

However, because there is no Ninth Circuit decision addressing this issue, and because Defendant has already sought leave to file a second petition with the Ninth Circuit, the Court **GRANTS** Plaintiff's motion to stay the proceedings pending the Ninth Circuit's decision. This stay is without prejudice and the Defendant may seek to revisit it if the Court of Appeals has not ruled within 45 days.

**IT IS SO ORDERED.**

Dated:  August 31, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court